R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alarm Grid, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALARM GRID INC.<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERSON AUTO REPAIR, LLC,<br><br>    Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

The plaintiff Alarm Grid Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against the defendant Jefferson Auto Repair, LLC ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a limited liability company with a principal place of business at 5360 North Federal Highway, Suit D, Lighthouse Point, Florida, 22064.

4. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of New Jersey, with a principal place of business at 699 Washington Street, Suite 203, Hackettstown, New Jersey 07840.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8. Plaintiff is owner to the photographic image at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

9. The Copyrighted Work is an original work of authorship created by Plaintiff.

10. On November 6, 2014, Plaintiff obtained a registration with the United States Copyrighted Office for the Copyright Work. Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

**B.  Defendant's Unlawful Activities**

11. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyright Work.

12. Specifically, Plaintiff discovered the Copyright Work being reproduced, distributed, derivative works created from and publicly displayed, without Plaintiff's authorization, at the website http://jeffersonautonj.com (the "Infringing Website"), screenshots of which are attached hereto as Exhibit C.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

13. Plaintiff realleges paragraphs 1 through 12 above and incorporates them by reference as if fully set forth herein.

14. The Copyright Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

15. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

16. Upon information and belief, as a result of Defendant's reproduction, distribution and public display of the Copyright Work, Defendant had access to the Copyright Work prior to the creation of Defendant's Infringing Website.

17. By their actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Infringing Work.

18. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

19. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyright Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyright Work without paying license fees, in an amount to be proven at trial.

20. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyright Work, which amounts will be proven at trial.

21. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyright Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

22. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

23. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

24. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

25. As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

26. Defendant's foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

27. Upon information and belief, the foregoing acts of contributory infringement by Defendant of Plaintiff's copyrights are willful and deliberate and Defendant has profited at the expense of Plaintiff.

28. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

29. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

30. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the contributory infringement of Plaintiff's exclusive rights under copyright law.

<b><u>THIRD CLAIM FOR RELIEF</u></b><br><b><u>(Vicarious Copyright Infringement)</u></b>

33. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

34. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe nor contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

35. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

36. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Defendant benefitted from that direct infringement.

37. As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

38.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

39.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

40.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

41.     The Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting vicarious infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so

elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505; and,

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 26, 2019

Respectfully submitted,

RATH, YOUNG and PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alarm Grid, Inc.*